IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff-Respondent. | ) | Case No. | CV-06-417-E-BLW |
| | ) | | CR-98-70-E-BLW |
| v. | ) | | |
| | ) | **MEMORANDUM DECISION** | |
| ALLAN ELIAS, | ) | **AND ORDER** | |
| | ) | | |
| Defendant-Movant. | ) | | |
| | ) | | |

Pending before the Court is Elias's Motion Pursuant to 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Docket No. 1), the Government's

Response and Motion to Dismiss (Docket No. 7), Elias's Motion for Summary

Judgment (Docket No. 20), and the Government's Renewed Motion to Dismiss

(Docket No. 24).[1]

Having reviewed the record, and being otherwise fully informed, the Court

has determined that the § 2255 Motion is untimely and therefore enters the

following Order granting the Motion to Dismiss and Renewed Motion to Dismiss,

dismissing the § 2255 Motion, and finding the Motion for Summary Judgment

---

[1]  All further docket references shall be to the criminal case, CR-98-70-E-
BLW, unless otherwise noted.

**Memorandum Decision and Order - 1**

moot.

## REVIEW OF § 2255 MOTION

### A.     Procedural Background and Summary of Claims and Issues

Following a 15-day trial, a jury convicted Elias of one count of storing or disposing of hazardous waste without a permit, knowing that he was placing his employees and others in imminent danger of death or serious bodily injury in violation of 42 U.S.C. § 6928(e), the Resource Conservation and Recovery Act ("RCRA"); two counts of knowingly disposing of hazardous waste without a permit in violation of 42 U.S.C. § 6928(d)(2)(A); and one count of making a material misstatement pertaining to a confined space entry permit in violation of 18 U.S.C. § 1001.

The Court resolved several post-trial motions unfavorably to Elias, including a motion to dismiss on jurisdictional grounds.  *Mem. Dec. and Order* (Docket Nos. 261 and 276).  The Court thereafter sentenced him to 204 months in prison, 3 years of supervised release, a special assessment of $400, and restitution of $6,300,836. The Ninth Circuit affirmed the conviction and sentence, except for the order of restitution, in both published and unpublished decisions.  *See United States v. Elias*, 269 F.3d 1003 (9th Cir. 2001) (as modified December 21, 2001), *cert. denied*, 537 U.S. 812 (2002); *United States v. Elias*, 27 Fed. Appx. 750 (9th Cir.

**Memorandum Decision and Order - 2**

2001) ("*Elias II*"), *cert. denied*, 537 U.S. 812 (2002).   The court vacated the order of restitution and remanded for entry of an amended judgment deleting the restitution provision but suggesting that this Court consider imposing restitution as a condition of supervised release.   *Elias*, 269 F.3d at 1022.

Elias then again moved to dismiss the entire proceeding on jurisdictional grounds.   *Motion to Dismiss* (Docket No. 362).   The Court denied the motion and amended the judgment by striking the order of restitution and imposing restitution as a condition of supervised release.   *Minutes* (Docket No. 375);   *Amended Judgment* (Docket No. 383).   The Ninth Circuit subsequently affirmed the Amended Judgment. *United States v. Elias*, 111 Fed. Appx. 943 (9th Cir. 2004) ("*Elias III*"), *cert. denied*, 546 U.S. 857 (2005).

Elias's petition for a writ of certiorari was denied on October 3, 2005.   He placed his § 2255 Motion and related documents in the institutional mail system where he was incarcerated on October 5, 2006.   *Cert. of Serv.* (Docket No. 1 in civil case). The § 2255 Motion alleges fifty-nine grounds for relief, thirty of which are constitutional claims (including "manifest constitutional error" and violation of his Fifth Amendment due process rights, the Commerce Clause, the Supremacy Clause, and the Ex Post Facto Clause) and twenty-nine of which are ineffective of assistance of counsel claims pertaining to alleged failures of trial and appellate counsel to raise

**Memorandum Decision and Order - 3**

or properly argue the various constitutional claims.[2]

## B.    Standards of Law

### 1.    Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such

---

[2]  The Appendix to the Government's Response contains a summary of the fifty-nine claims as well as the recommended grounds for dismissing each claim. Although given the Court's decision in this matter, it need not address the merits of the claims, the Court finds the summary of the claims to be a useful reference.  *See Response*, pp. 31-34 (Docket No. 9 in civil case).

**Memorandum Decision and Order - 4**

as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

### 2. Statute of Limitations

A § 2255 motion must be brought within one year of the latest of the following possible dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Subsections (2), (3), and (4) are essentially statutory tolling provisions.

**Memorandum Decision and Order - 5**

For purposes of § 2255(1), a judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).

If a § 2255 motion is not timely filed under § 2255(1) or under the applicable statutory tolling provision, a prisoner may be entitled to equitable tolling.  The Ninth Circuit has specifically decided, in the context of both § 2254 and § 2255 proceedings, that equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (§ 2254); *United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (§ 2255; following the lead of several other circuits in treating the § 2254 and § 2255 limitations sections similarly).  Indeed, the statutes of limitations in both proceedings are virtually identical and are interpreted similarly.  *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005).

Subsequent to the *Spitsyn* and *Battles* decisions, the Supreme Court has twice assumed, without deciding, that equitable tolling applies to the statute of limitations applicable to § 2254 actions where a state prisoner shows "(1) that he has been

**Memorandum Decision and Order - 6**

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" preventing timely filing. *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (citing *Pace v. DeGuglielmo*, 544 U.S. 408, 418, and n.8 (2005)).  Following *Pace*, the Ninth Circuit cases have applied the *Spitsyn* standard alone, the *Pace* standard alone, and the *Spitsyn* and *Pace* standards together when considering equitable tolling. *See United States v. Battle*, 2007 WL 334740 at *3 (D. Or. Nov. 9, 2007) (citations omitted).  The *Pace* standard appears to be less stringent than the *Spitsyn* standard of impossibility.  *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005) (recognizing that *Pace* may have "lowered the bar somewhat").  Nevertheless, both standards require a showing of "extraordinary circumstances."

### C.    Discussion

#### 1.    Statute of Limitations

The statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) is calculated by utilizing Fed. R. Civ. P. 6(a).  *See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)* (finding in § 2254 context that statute began to run the day after the triggering event and expired one year later on the anniversary of the event).  *See also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (same in § 2255 context).  Applying Rule 6(a), if the anniversary day falls on a Saturday, Sunday, or a legal holiday, then the deadline would expire on the next day

**Memorandum Decision and Order - 7**

that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a).

The Government contends that Elias's § 2255 Motion is subject to dismissal because it was filed a year and two days after his conviction became final.  As stated above, his petition for certiorari was denied on October 3, 2005.  Therefore, Elias's conviction became final on that date, and the deadline for filing his § 2255 Motion became October 3, 2006.  The Court takes judicial notice of the fact that October 3, 2006 occurred on a Tuesday and was not a legal holiday.  Elias placed his § 2255 Motion in the institutional mail system on October 5, 2006.[3]   Accordingly, Elias's § 2255 Motion is time-barred absent either equitable or statutory tolling.

### 2.    Equitable Tolling

Elias asserts the following as grounds for equitable tolling:

1.    When he contacted appellate counsel in mid-October of 2005, counsel told him that his certiorari petition had been denied on October 5, 2005 (not on October 3, 2005) and he understood that counsel would send him copy of the order denying the petition.  *Reply*, p. 13 (Docket No. 18 in civil case).

2.    In the same conversation in mid-October of 2005, counsel told him that he would no longer be representing him and was withdrawing from the case.  *Id.*

---

[3]  Even though the § 2255 Motion was not filed by the Court until October 16, 2006, it is deemed filed as of the date it was placed in the institutional mail system.  *See* Rule 3(d) of Rules Governing § 2255 Proceedings.  The Government does not dispute that the § 2255 Motion should be deemed filed on October 5, 2006.

**Memorandum Decision and Order - 8**

3.      That as an indigent, pro se prisoner, he pursued his research, drafting, and typing of his § 2255 Motion from mid-October of 2005 until the last week of September of 2006.  *Id*.

4.      That because defense counsel had not sent him a copy of the Supreme Court order and it was not available in the Inmate Law Library, he requested the prison staff to provide him with a copy of the case with the date and citation number through the internet because "[he] wished to cite it in [his] moving papers."  *Id*. at 14.

5.      That the prison staff denied his request on the grounds that inmate access to the internet to retrieve case citations was not authorized by the Institution.  *Id*.

6.      That he filed his § 2255 Motion on October 5, 2006 without the case information.  *Id.*

Elias contends that his reliance on defense counsel's assertion that the petition for certiorari had been denied on October 5, 2005 was reasonable under the prevailing due diligence standards, that he did not sleep on his rights, and that the prison law library's inadequacies constituted extraordinary circumstances justifying equitable tolling.

Equitable tolling is warranted in very limited circumstances.  *Spitsyn*, 345 F.3d at 799.  *See also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.), *cert. denied*, 537 U.S. 1003 (2002) (noting "[w]e have made clear . . . that equitable tolling is 'unavailable in most cases'" and that "the required threshold necessary to  trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule")

**Memorandum Decision and Order - 9**

(citations omitted); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (noting ". . . we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context").  Grounds sufficient for equitable tolling are "highly fact-dependent." *Whalen/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  It is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Generally, attorney negligence does not constitute extraordinary circumstances even if that negligence includes a miscalculation of the statute of limitations. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Miranda*, 292 F.3d at 1066 (finding that appellate counsel's miscalculation of limitations period did not warrant equitable tolling); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (statute of limitations not equitably tolled by attorney's mistake resulting in missed deadline); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (same)[4]; *Taliani v. Chrans* 189 F.3d 597-98 (7th Cir. 1999) (same); *Sandvik v. United States*,

---

[4] *Hutchinson* based its opinion at least in part on the fact that there is no constitutional right to counsel in a § 2255 action.

**Memorandum Decision and Order - 10**

177 F.3d 1269, 1272 (11th Cir. 1999) (per curiam) (finding no equitable tolling where delay was allegedly caused by counsel's decision to mail the petition by regular mail rather than expedited delivery).

Even where the filing deadline has been missed by only one day, courts have refused to apply equitable tolling based on attorney negligence. *See*, *e.g.*, *Modrowski, 322 F.3d at 968-69* (finding an attorney's physical or mental incapacity analogous to attorney negligence and dismissing petition filed one day late); *United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)* (rejecting arguments that one-day delay and death of attorney's father constituted grounds for equitable tolling).

Underlying decisions that attorney negligence or incapacity is not grounds for equitable tolling is the principle that clients, including prisoners, bear the responsibility to "vigilantly oversee" their attorney's actions because they are responsible for their attorney's negligence. *Modrowski, 322 F.3d at 968*. *See also Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001)* (noting that even prisoners must sometimes "take matters into their own hands").

Elias argues (1) that he exercised reasonable diligence in preparing his § 2255 Motion, (2) that extraordinary circumstances stood in his way preventing timely filing, and (3) that material issues of fact remain in dispute that occurred outside the court record which would entitle him to equitable tolling. *Reply*, p. 10 (Docket No. 18 in

**Memorandum Decision and Order - 11**

civil case).  However, these arguments must fail.

### a.    Material Issue of Fact

Addressing the last ground first, Elias asserts that the Government's allegation that the Supreme Court denied his certiorari petition on October 3, 2005 was based on facts outside the record because the Government did not attach a copy of the denial to its pleading or present that fact under oath.  *Reply*, p. 12 (Docket No. 18).  This is a frivolous assertion.

A court may take judicial notice of adjudicative facts which are not subject to a reasonable dispute.  Fed. R. Evid. 201.  "[C]ourts routinely take judicial notice of documents filed in other courts, . . . to establish the fact of such litigation and related filings."  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). Accordingly, the Court may take judicial notice of *Elias v. United States*, 546 U.S. 857 (2005) to establish that the Supreme Court denied Elias's petition for writ of certiorari on October 3, 2005.

### b.    Reasonable Diligence

Elias asserts that he commenced researching, drafting, and typing his Motion in mid-October of 2005 and continued through late September of 2006.  The § 2255 Motion with its supporting Declaration was ninety-one pages in length and replete with

**Memorandum Decision and Order - 12**

legal argument and citations to case law.[5]  At the end of September, he requested the prison staff to obtain a copy of his Supreme Court case, date, and citation through the internet because he wished to cite it in his Motion.  *Supp'l Decl. ¶* 7 (Docket 19 in civil case).

The Court does not doubt that Elias exercised reasonable diligence in preparing his § 2255 Motion.  Nor does it doubt Elias's assertions that he spent most of the year preparing his Motion.   Indeed, it is readily apparent that a such a lengthy motion was not researched, drafted, and typed at the last minute.  However, the real issue is his diligence in verifying the date on which his petition for certiorari was denied.

Elias had known for at least eleven months that his attorney had not provided him with a copy of the Supreme Court order, yet he apparently took no action to obtain a copy through other means until days before the deadline.  He does not allege in his lengthy Reply and Supplemental Declaration that he called or wrote to his former attorney either before or after finding the case unavailable in the prison library.  Nor does he allege that he tried to obtain it from other sources such as through a family

_____

[5]  The Court notes that the form Elias used for his § 2255 Motion was AO 243 (Rev. 2/95).  Paragraph (2) of the Explanation and Instructions to that form specifically states that "[n]o citation of authorities need be furnished."

**Memorandum Decision and Order - 13**

member or by calling or writing to the Supreme Court.[6]

The Court simply cannot find that Elias acted with reasonable diligence given that he waited until days before the deadline to obtain a copy of the order or to verify the date of its issuance.  *See Mendoza, 449 F.3d at 1070* (prisoner must show diligent efforts to procure necessary materials or assistance from an inmate, library personnel, *or other source*) (emphasis added).  However, even if Elias had been reasonably diligent, he must also demonstrate under the *Spitsyn* standard that extraordinary circumstances made it impossible for him to file the motion on time or under the *Pace* standard that the extraordinary circumstances prevented timely filing.

### c.    Extraordinary Circumstances

It is abundantly clear from the cases cited above that mere attorney negligence does not constitute extraordinary circumstances justifying the application of equitable tolling.  The Court sees no appreciable difference between miscalculation of the statute for limitations and misstating by two days the date a petition for certiorari was denied.  Furthermore, counsel had not even been engaged to file a § 2255 motion on Elias's behalf.

Elias stated that he hired counsel to represent him at his "Sentencing Hearing,

------

[6]  A review of Elias's Statement of Prisoner Trust Fund Account (Docket No. 3 in civil case) reveals that he could easily afford phone calls and photocopies.

**Memorandum Decision and Order - 14**

Direct Appeal to the Court of Appeals for the Ninth Circuit, and Certiorari to the Supreme Court of the United States of America." *Supp'l. Decl.* ¶ 4 (Docket No. 19 in civil case).  He also stated that his attorney advised him in the mid-October 2005 phone call that he was withdrawing from the case.  *Id*. ¶ 5.  Indeed, Elias does not even state that his attorney *told* him he would be sending him a copy of the opinion.  Rather, he states, "Pursuant to the conversation, *my understanding* was that Mr. Jorgenson would be sending me a copy of the opinion and actual notice thereof."  *Id*. (emphasis added).  Counsel may have been negligent in providing the incorrect date or in not sending a copy of the order to close out his representation of Elias, but that negligence certainly does not constitute the extraordinary circumstances necessary to meet the "very high" threshold established to prevent exceptions from swallowing the statute of limitations rule.  *See Miranda*, 292 F.3d at 1066.

Elias's inability to obtain a copy of the Supreme Court order through the prison library likewise does not constitute extraordinary circumstances.  Indeed, it pales in comparison with circumstances found to constitute grounds for equitable tolling.  *See, e.g.*, *Mendoza*, 449 F.3d at 1069 (lack of Spanish language legal materials and inability to obtain translation assistance);  *Espinoza-Matthews*, 432 F.3d at 1028 (denial of access to legal file for eleven months while in administrative segregation); *Spitsyn*, 345 F.3d at 801 (egregious attorney misconduct).  A copy of the order was not necessary

**Memorandum Decision and Order - 15**

to the claims asserted in the § 2255 Motion and the lack thereof obviously did not prevent him from filing the Motion without the citation.  There must be a causal connection between the unavailability of the order and the late filing to justify equitable tolling on those grounds.  *See Bryant v. Schriro*, 499 F.3d 1056, 1060-61 (9th Cir. 2007).  The Court finds that failure to have a copy of the order was not the cause of the late filing.  Rather, it was his reliance on incorrect information provided by counsel.

### 3.   Statutory Tolling

#### a.   Governmental Impediment

Elias appears to be asserting that his motion is timely under § 2255(2) because the inadequacy of the prison library system was a governmental impediment that had not been removed prior to October 3, 2006.  Specifically, he again refers to his inability to obtain a copy of the Supreme Court order denying his petition for certiorari.  Depending on the circumstances, the unavailability of research materials may be such an "impediment."  *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  However, given the Court's consideration of lack of access to the Supreme Court order in its determination of equitable tolling issue, it need not address this ground under § 2255(2).  *See Roy v. Lampert*, 465 F.3d 964, 972 n.3 (9th Cir. 2006) (citing *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (rejection of equitable tolling implicitly

rejects the § 2255(2) impediment argument)).   Moreover, the governmental impediment must be unconstitutional.   It can hardly be said that the failure of the prison library to have the one case available amounts to an unconstitutional impediment when Elias apparently had access to a significant amount of legal materials to prepare his § 2255 Motion.[7]   The alleged inadequacy of the prison library neither prevented him from preparing his § 2255 Motion nor prevented him from knowing the relevant procedural rules.   Accordingly, the limitation period was not tolled by § 2255(2).

### b.   Discovery of Facts

Based on his citation to *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000), Elias also appears to contend that he is entitled to statutory tolling under § 2255(4) under which the limitations period is deemed to begin on the date on which facts supporting an asserted claim could have been discovered through the exercise of due diligence.

---

[7]   The Court is aware that a prisoner may be entitled to statutory or equitable tolling if late filing was caused by inadequacies of the prison library preventing him from discovering the procedural rules regarding the statute of limitations even if his late-filed § 2255 motion contains claims "that are meritorious, well-drafted, and supported by every pertinent citation entitling him to relief on the merits." *See Whalem-Hunt*, 233 F.3d at 1148-49 (Tashima, J., concurring).  However, Elias does not allege that he was unaware of the statute of limitations.  Indeed, he obviously was aware of it given that he filed his motion on what he understood to be the deadline based on the incorrect date.

**Memorandum Decision and Order - 17**

In *Wims*, the defendant discovered sixteen months after his conviction was final that his attorney had not filed a notice of appeal.  The district court dismissed as untimely his § 2255 motion alleging ineffective assistance of counsel for failure to file a notice of appeal which the district court dismissed as untimely.  On appeal, the Second Circuit held that § 2255(4) established the appropriate starting date for computing the statute of limitations and that the appropriate inquiry was "when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed."  *Id*. at 190.  After that date, a petitioner would have one year in which to file his motion.  *Id.*

Elias essentially argues, based on *Wims*, that he was not required to verify counsel's word regarding the date his petition for certiorari was denied sooner than two days after his judgment became final.  *Reply*, pp. 10-12 (Docket No. 18 in civil case).  The Court finds the comparison with *Wims* inapt.

In *Wims*, defendant's claim was ineffective assistance of counsel for failure to file a notice of appeal.  The basis for that claim, i.e., that the notice of appeal had not been filed, was discovered at some point after his conviction became final.  Stated another way, Wims did not even know he had a claim of ineffective assistance of counsel for failure to file a notice of appeal until he discovered that a notice of appeal had not been filed.  However, here, counsel's apparent error in communicating the date

**Memorandum Decision and Order - 18**

Elias's petition for certiorari was denied was totally irrelevant to any of the numerous claims raised in his § 2255 Motion.  Discovery of the error did not support or give rise to any of the claims asserted in the § 2255 Motion.  Accordingly, the limitations period was not tolled by § 2255(4).

### 4.   Actual Innocence

Relying on *House v. Bell*, Elias contends that even if his § 2255 was late-filed, the statute of limitations should not bar relief because he is actually innocent of the charges.  *See House v. Bell, 547 U.S. 518 (2006).*  Neither the Supreme Court nor the Ninth Circuit has held that actual innocence may excuse an untimely § 2254 petition or § 2255 motion.  However, the Ninth Circuit has held that actual innocence *may* excuse an untimely § 2254 petition.  *See Majoy v. Roe, 296 F.3d 770, 776-78 (9th Cir. 2002)* (remanding for a determination of whether actual innocence has been established but declining to address in a "hypothetical context" the issue of whether it was applicable to excuse an untimely § 2254 petition).

As grounds for his actual innocence claim, Elias contends:

1.  He is actually innocent of the conviction for a violation of the Federal Hazardous Waste Program because the Constitution prohibits application of the doctrine of dual sovereignty emanating from a single statute (RCRA) enacted by a single source of power (Congress).

2.  Congress' waiver of federal immunity from an

**Memorandum Decision and Order - 19**

EPA-authorized state program is tantamount to termination of the federal program where it cannot be said that there is dual enforcement if the federal sovereign itself does not recognize a federal program in an authorized state.

3.   It is unconstitutional to subject an alleged offender to two separate and inconsistent penalties under the same offense requiring identical proof.

4.   No court has properly analyzed Congress' original use of different languages in amending the RCRA, mandating dissimilar jurisdictions.

5.   Irrespective of RCRA's 1976 enactment language of "in lieu of," the 1984 amendments to the RCRA completely removed federal jurisdiction over violations of a state permit.

6.   He is actually innocent of the charge of violating 18 U.S.C. § 1001 because the general false statement statute was preempted by OSHA.

7.   The Court deferred to the prosecution's interpretation of RCRA's criminal statute which is a structural defect under the federal constitution, in clear violation of the separation of powers statute.

The gist of these arguments and their numerous subparts is that this Court lacked jurisdiction to convict him.  Indeed, Elias himself so states: " . . . all of Mr. Elias' actual innocence claims presented herein are jurisdictional in nature."  *Reply*, p. 10 (Docket No. 18-3 in civil case).

**Memorandum Decision and Order - 20**

"[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  The standard for actual innocence claims "is demanding and permits review only in the 'extraordinary case.'" *Id.* at 538.  It is concerned with factual rather than legal innocence and therefore encompasses all admissible evidence of guilt even if not presented during a plea colloquy or at trial. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).  A gateway claim of actual innocence requires "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. . . ." *Schlup*, 513 U.S. at 324.  *See also Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir. 1997) (en banc) (citing numerous reasons, including another's confession, making it unlikely that a reasonable juror would conclude beyond a reasonable doubt that the crime was committed by the defendant); *Majoy*, 296 F.3d at 775-76 (finding several post-trial developments raised the "distinct possibility" that given the opportunity, Majoy would be able to present a plausible *factual* case meeting the "exacting [*Schlup*] gateway standard" for overriding failure to meet deadlines and requirements for filing a timely petition in federal court (emphasis added)).

**Memorandum Decision and Order - 21**

Aside from the usual scenario of an actual innocence claim arising out of recantations of testimony, newly discovered evidence, and the like, an actual innocence claim can arise where a defendant is convicted for conduct that the Supreme Court later determines does not come within the statute of conviction. *See Bousley*, 523 U.S. at 620. While at first blush that might sound like a legal insufficiency argument, in reality it involves factual determinations.

In *Bousley*, the defendant pled guilty to a 18 U.S.C. § 924(c) firearm charge with the understanding that the statute covered mere possession of a firearm. Following his conviction, the Supreme Court held that a conviction for the use of a firearm under § 924(c) required a showing of "active employment of the firearm." *See Bailey v. United States*, 516 U.S. 137, 143-44 (1995). The Court remanded to allow petitioner to demonstrate that he did not "use" the firearm under the *Bailey* definition. *Bousley*, 523 U.S. at 624 (allowing the Government to present on remand any admissible evidence – i.e., facts – of guilt even if not presented during the plea colloquy or even if it would not have been offered before the *Bailey* decision). Only if the petitioner could factually show that he did not actively employ the firearm under *Bailey*, would he be permitted to proceed to have his defaulted claim of unintelligent plea heard on the merits. *Id.*

Attempts to assert actual innocence have been rejected where the claim is

**Memorandum Decision and Order - 22**

unrelated to factual innocence.  *See, e.g., Stephens v. Herrera*, 464 F.3d 895 (9th Cir. 2006) (finding claim that jury was not properly instructed, pursuant to a recent Supreme Court case, did not meet the *Bousley* actual innocence test even though conceivably an innocent defendant could be convicted under the erroneous instruction).  Also, where a § 2255 movant convicted of a Clean Water Act violation alleged a recently decided Supreme Court case as "evidence not presented at trial," the actual innocence claim was rejected because even under that case, movant's conduct still involved illegally discharging waste into a navigable water.  *See Colvin v. United States*, 181 F.Supp.2d 1050 (C.D.Cal. 2001) (addressing effect of *Solid Waste Management of Northern Cook County v. Army Corps of Engineers*, 531 U.S. 159 (2001)).  Finally, ineffective assistance of counsel inducing a guilty plea has been raised and rejected as an actual innocence claim.  *See Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994) (finding claim to be one of legal rather than factual innocence).

It is apparent that to meet the gateway requirements of *Schlup*, a defendant must assert new evidence that would cast doubt on his factual guilt.  Here, Elias has not asserted new evidence.  His claims are clearly not factual.  They do not allege a Supreme Court case issued subsequent to his conviction that would indicate that he was convicted of conduct that were not covered by the RCRA or false statements statutes.  Rather they are assertions of jurisdictional arguments, many of which have been raised

**Memorandum Decision and Order - 23**

and rejected on appeal, as well as assertions of error on the part of the Ninth Circuit.[8] They simply do not constitute new reliable evidence making it unlikely that a reasonable juror would conclude beyond a reasonable doubt that the crimes of which Elias was convicted were committed by him.

## CONCLUSION

Elias's § 2255 Motion was filed two days late pursuant to § 2255(1).  The late filing is not excused by statutory tolling under either § 2255(2) or (4).  Nor is it excused by equitable tolling.  Elias simply relied to his detriment on an alleged misstatement of his attorney, who was in the process of withdrawing from the case. Though the result may seem harsh, the Court finds no reason that would justify lowering the "very high" threshold for equitably tolling the statute of limitations. Furthermore, Elias clearly has not met the burden of opening the gateway to proceed with his late-filed § 2255 Motion – even if the Ninth Circuit or the Supreme Court were to decide that actual innocence can excuse an untimely filing.

---

[8] Examples of those assertions of error are: "[T]he Elias opinion was factually incorrect when it assumed that an Idaho hazardous waste permit can be obtained '[u]nder this subchapter.'" *Reply*, p. 48 (Docket No. 18-2).  " Mr. Elias submits that the Court was clearly duplicitous . . . . The Elias Court disregarded this fact and illegally interpreted the phrase to justify federal jurisdiction, where there clearly was none." *Id*. at 49.  "Specifically, the erroneous construction rendered the crucial provision mere surplusage.  In doing so, the Court violated the Supreme Court's rules of construction."  *Id*. at 50.  " . . . the Court 'just got it backwards.'" *Id.*  at 55.  "[The] case is rife with errors," *Id*. at 63.

**Memorandum Decision and Order - 24**

Elias may be a *pro se* litigant, but he is far from unsophisticated.  Rather, he has a bachelor of science in Economics from the Wharton School of Business at the University of Pennsylvania, has a law degree from the University of Arizona Law School, and was a member of the Arizona State Bar at the time of his conviction. *See* PSR, ¶  76.  He, more than the overwhelming majority of prisoners, should have known the importance of verifying the date his petition for certiorari was denied well before the deadline expired.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Elias's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED, the Government's Motion to Dismiss (Docket No. 7) and Renewed Motion to Dismiss (Docket No. 24) are GRANTED, and Defendant's Motion for Summary Judgment (Docket No. 20) is MOOT.

DATED:  **October 9, 2008**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 25**