UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff-Respondent,<br><br>     v.<br><br>ALLAN ELIAS,<br><br>               Defendant-Movant. | Case No. 4:06-cv-00417-BLW<br>        4:98-cr-0007-BLW<br><br>**ORDER** |

Pending before the Court is Allan Elias's ("Elias") Rule 60(b) Motion (Dkt. 42). Having reviewed the motion, the Government's Response (Dkt. 45) and Elias's Reply (Dkt. 48), together with the underlying record, the Court enters the following Order dismissing the Motion.

## BACKGROUND

Following a 15-day trial, a jury convicted Elias of one count of storing or disposing of hazardous waste without a permit, knowing that he was placing his employees and others in imminent danger of death or serious bodily injury in violation of 42 U.S.C. § 6928(e), the Resource Conservation and Recovery Act ("RCRA"); two counts of knowingly disposing of hazardous waste without a permit in violation of 42 U.S.C. § 6928(d)(2)(A); and one count of making a material misstatement pertaining to a confined space entry permit in violation of 18 U.S.C. § 1001.

**ORDER - 1**

The Court denied Elias's various post-trial motions, including a motion to dismiss on jurisdictional grounds. *Mem. Dec. and Order*, Dkt. 261 and Dkt. 276. The Court thereafter sentenced him to 204 months in prison, 3 years of supervised release, a special assessment of $400, and restitution of $6,300,836. The Ninth Circuit affirmed the conviction and sentence, except for the order of restitution, in both published and unpublished decisions. *See United States v. Elias*, 269 F.3d 1003 (9th Cir. 2001) (as modified December 21, 2001), *cert. denied*, 537 U.S. 812 (2002); *United States v. Elias*, 27 Fed. Appx. 750 (9th Cir. 2001) ("*Elias II*"), *cert. denied*, 537 U.S. 812 (2002). The court vacated the order of restitution and remanded for entry of an amended judgment deleting the restitution provision but suggesting that this Court consider imposing restitution as a condition of supervised release. *Elias*, 269 F.3d at 1022.

Elias again moved to dismiss the entire proceeding on jurisdictional grounds. *Motion to Dismiss* (Docket No. 362). The Court denied the motion and amended the Judgment by striking the order of restitution and imposing restitution as a condition of supervised release. *Minutes* (Docket No. 375); *Amended Judgment* (Docket No. 383). The Ninth Circuit subsequently affirmed the Amended Judgment. *United States v. Elias*, 111 Fed. Appx. 943 (9th Cir. 2004) ("*Elias III*"), *cert. denied*, 546 U.S. 857 (2005). Elias's petition for a writ of certiorari was denied.

Elias then filed a § 2255 motion alleging fifty-nine grounds for relief, thirty of which were constitutional claims and claims challenging the Court's jurisdiction (including "manifest constitutional error" and violation of his Fifth Amendment due process rights, the

Commerce Clause, the Supremacy Clause, and the Ex Post Facto Clause) and twenty-nine of which were ineffective of assistance of counsel claims pertaining to alleged failures of trial and appellate counsel to raise or properly argue the various constitutional and jurisdictional claims.

The Court denied Elias's § 2255 Motion on the grounds that it was time-barred and that he was not entitled to equitable tolling of the statute of limitations. This Court, as well as the Ninth Circuit, denied his request for a certificate of appealability. *Order*, Dkt. 36; *USCA Order*, Dkt. 38. On February 22, 2010, the Supreme Court denied Elias's petition for a writ of certiorari. *Letter from Supreme Court*, Dkt. 40. On April 5, 2010, the Supreme Court denied Elias's petition for rehearing. *Letter from Supreme Court*, Dkt. 41. More than a year later, on May 31, 2011, he filed the pending motion under Rule 60(b).

## DISCUSSION

Elias requests that the Court vacate its Order dismissing his § 2255 Motion because "there was a total want of jurisdiction in this case." *Rule 60(b) Motion* at 1. He alleges the following grounds:

1. Congress' mandate that "knowing endangerment," the charging statute, was not enforceable in an authorized states;

2. Agency guidance that "knowing endangerment" was not enforceable because it was not a requirement of the State program;

3. RCRA's "land based" permit scheme which did not include the subject unit, an above ground steel tank;

4. EPA's "exclusion" of above ground steel tanks from RCRA permit requirements;

5.      The holding of the law of the case that the charging Code of Federal Regulations was "supplanted" by state law; and

6.      State <u>exclusion</u> of the subject material from regulation.

*Rule 60(b) Motion* at 1 (emphasis in original).

These allegations are identical to or variations of claims raised in his initial § 2255 proceeding. Indeed, in his Reply, Elias states that he is "seeking relief from a judgment that denied his § 2255 habeas motion on procedural grounds and is requesting leave to refile his § 2255 motion for review on the merits." *Reply* at 1.

Rule 60(b) provides various grounds for relief from a final judgment. In his Reply, Elias states that he is specifically moving pursuant to subsections (b)(4) (the judgment is void) and (b)(6) (any other reason that justifies relief). *Fed. R. Civ. P. 60(b)*. He is essentially claiming that his argument that the Court lacked subject matter jurisdiction has never been heard on the merits because the Court dismissed his claims on statute of limitations grounds. However, as shown below, Rule 60(b) cannot be used to circumvent the requirements for filing a successive 2255 motion.

Rule 60(b) motions that raise new claims or challenge resolution of claims in a prior habeas proceeding are claims on the merits and are effectively second or successive habeas petitions and "should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Although *Gonzalez* involved a habeas proceeding brought under § 2254, the Ninth Circuit has applied its holding to Rule 60(b) motions in the § 2255 context. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (treating a Rule 60(b) motion

raising a newly discovered ineffective assistance of counsel claim as a successive § 2255 motion and finding his motion barred).

Just as the court in *Buenrostro* applied *Gonzalez*, this Court does so as well by first deciding whether the Rule 60(b) motion contains a "claim." The Court finds that it does. Elias is clearly seeking the right to be released on the ground that the Court lacked subject matter jurisdiction to convict him. To the extent that he is asserting grounds that were alleged in his first § 2255 motion and to the extent that he is asserting any new grounds of lack of subject matter jurisdiction, he is bringing a "claim." Therefore, he must first receive certification from the Ninth Circuit Court of Appeals that the motion contains either:

> (1) newly discovered evidence, that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law made retroactive to cases on collateral reivew by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h). This rule applies even to claims that were ripe at the time of the first § 2255 motion but not discovered until afterwards unless they meet the requirements of § 2255(h). *Buenrostro*, 638 F.3d at 725-26. Furthermore, the dismissal of a § 2255 motion as time-barred constitutes a decision on the merits and renders any new § 2255 a second or successive motion. *Villanueva v. United States*, 346 F.3d 55, 60-61 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

**ORDER - 5**

Where a Rule 60(b) motion challenges a statute of limitations ruling itself, it is not bringing a claim on the merits and can be treated as a Rule 60(b) motion because it is challenging a "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 531 n. 4; 535. Here, however, Elias is not challenging the Court's determination that his § 2255 Motion was time-barred. Therefore, his Rule 60(b) motion must be construed as a successive § 2255 motion, and it must be dismissed for failure to obtain the requisite certification from the Ninth Circuit Court of Appeals to file a successive § 2255 motion. *See United States v. Washington*, 653 F.3d 1057, 1059-60; 1065-66 (9th Cir. 2011) (determining that all of movant's claims under Rule 60(b)(4) were "of the merits variety" and dismissible as an unauthorized successive § 2255 motion absent compliance with § 2255(h)).

Elias cites *Hamilton v. Newland*, 374 F.3d 822, 823 (9th Cir. 2003), in support of his claim that his Rule 60(b) motion should not be considered to be a successive § 2255 motion. *Hamilton* is distinguishable, however, because the petitioner there, in addition to raising the claims he had raised in his first petition, had raised actual innocence which he alleged constituted the "extraordinary circumstances" required for relief under Rule 60(b)(6). *Id.* (finding no extraordinary circumstances). The Ninth Circuit specifically distinguished the case from others where petitioners had raised new constitutional challenges or had reasserted the same constitutional challenge as raised in the original petition. *Id.* (citations omitted).

## CONCLUSION

Jurisdictional challenges to a conviction are subject to the same one-year statute of limitations as other § 2255 challenges. 28 U.S.C. § 2255(a) and (f); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period."). Elias had one year to assert his jurisdictional claims and missed the deadline resulting in dismissal of those and his other claims. Elias is now simply seeking a way to avoid that result several years later after his appeal of that decision failed. His Rule 60(b) Motion is nothing more than a "disguised" second or successive § 2255 requiring certification from the Ninth Circuit Court of Appeals. Having not obtained that certification, his motion must be dismissed. *See Washington*, *id.*

## ORDER

**IT IS ORDERED** that Elias's Rule 60(b) Motion (Dkt. 42) is **DISMISSED**.

DATED:  **November 14, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge